OPINION
{¶ 1} Defendant-Appellant, Kenneth S. Reinhart, appeals from a judgment of the Wyandot County Common Pleas Court, sentencing Reinhart on one count of domestic violence in violation of R.C.2919.25(A), a felony of the fourth degree. Reinhart claims that the trial court violated his Sixth Amendment right to a trial by jury as articulated in Blakely v. Washington (2004),124 S.Ct. 2531 when it imposed a prison term upon him based on findings not admitted by him or determined by a jury. Because Blakely does not apply to Ohio's sentencing scheme, we overrule his sole assignment of error and affirm the judgment of the trial court.
 {¶ 2} In June of 2004, Reinhart was charged with knowingly causing or attempting to cause physical harm to a family member in violation of R.C. 2919.25(A). Because he had been previously convicted of a similar offense, the matter was charged as a felony of the fourth degree. R.C. 2919.25(D)(3). Eventually, Reinhart pled guilty to the sole charge. The trial court accepted his guilty plea and ordered a pre-sentence investigation.
 {¶ 3} On November 17, 2004, the trial court conducted a sentencing hearing. After considering the pre-sentence report and all of the evidence in the record, the trial court found that Reinhart had caused physical harm to a person and that he had been previously convicted of a similar offense. The trial court further stated that after considering the seriousness and recidivism factors in R.C. 2929.12, it found that Reinhart was not amenable to community control and that a prison term was consistent with the purposes and principles of sentencing. In explaining its reasoning behind imposing the prison term, the trial court stated:
Defendant has been convicted of three prior domestic violencecharges; has a probation violation associated with a domesticviolence conviction in 2000; has undergone counseling andtreatment for alcohol abuse, yet has not responded favorably; hascompleted the Turning Point domestic violence prevention program,but has re-offended; has a pattern of alcohol abuse, which isproven by his past D.U.I and disorderly conduct offenses, butrefuses to acknowledge that he has a problem; and has shown noremorse for his actions, which terrorized the children in thehome and harmed and frightened the victim.
 {¶ 4} Accordingly, the trial court sentenced Reinhart to six months in prison and gave him credit for five days served. It is from this sentence that Reinhart appeals, presenting the following assignment of error for our review.
 Assignment of Error The trial court in imposing sentence on theDefendant-Appellant's plea of guilty violated his constitutionalright to a trial by jury when the court imposed a sentence beyondthe statutory presumed community control sanctions by making factfindings that were not admitted to by the Defendant-Appellant orhad not been determined by the verdict of a jury.
 {¶ 5} In his sole assignment of error, Reinhart contends that the trial court violated his right to a trial by jury when it imposed a prison term upon him based on findings not admitted by him or submitted to a jury. Reinhart relies upon the holding inBlakely for this proposition. This Court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing scheme. State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, because Reinhart's appeal is based exclusively on the argument that Blakely applies to Ohio's laws, his sole assignment of error overruled.
 {¶ 6} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Shaw, JJ., concur.